Martine agt. Lowenstein.

# SUPREME COURT.

THEODORE MARTINE, respondent, agt. ANNA and HENRY M.
Lowenstein *et al.*, appellants.

*Appearance in foreclosure proceedings.*

The owners of the equity of redemption in a mortgage foreclosure case
may appear in the action after judgment by default, for the purpose of
taking care of their interests in any further proceedings which plaintiff
may necessarily take.

Under rule 39 the referee's report in such a case is not confirmed at the
expiration of eight days from the filing, but eight days from the service
of notice of filing; and where such notice has not been served upon the
opposite party, their exceptions to the referee's report must be heard.

*New York General Term, December,* 1875.

APPEAL from an order denying motion to argue exceptions
to the report of the referee.

In an action to foreclose a mortgage appellants were the
owners of the equity of redemption. Failing to appear, judg-
ment was taken against them by default on the 14th of May,
1872. Papers on a motion to open the judgment were served
on plaintiff May 31, indorsed " F. W. Townsend, attorney for
defendants Lowenstein," which motion was denied, and an
appeal taken from the order denying judgment.

On the 25th of June, 1873, by consent of F. W. Townsend,
an order was entered substituting Samuel J. Crooke as attor-
ney for said Lowensteins.

The premises were sold and referee's report filed Septem-
ber 23, 1873. No notice of filing report was given to
appellants. October 27, 1873, appellant's attorney filed

exceptions to the report, and served copies on the referee and on plaintiff's attorney.

These were returned with the indorsement that they were served too late, as the report had been filed more than eight days. The motion for hearing the exceptions was denied on the ground that appellant had not appeared in the action until after judgment by default, and that under rule 39 (*Sup. Ct. Rules*) they were not entitled to file exceptions.

On appeal, *held*, that the service of papers, with the indorsement, as above stated, was sufficient appearance; that appellants could appear even after judgment, for the purpose of taking care of their interests in any further proceeding which plaintiff might necessarily take.

Rule 39 of this court requires notice of filing report to all parties entitled to notice, and that the referee's report is not confirmed at the expiration of eight days from the filing, but eight days from the service of notice of filing.

Appellants were entitled to this notice, and it not having been given, the exceptions were in time and should have been heard.

Order reversed, with costs and disbursements.

Opinion by Davis, P. J.; Brady and Daniels, JJ., concurring.